1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

        Plaintiff(s),

    vs.

RENE NAVAREZ

        Defendant(s).

                                      /

No. CR-09-00320-001
MHP

**ORDER DENYING
MOTION FOR
RELIEF FROM
JUDGMENT**

    Defendant was convicted upon his plea of guilty to a violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(A).  On November 24, 2009, sentence was pronounced and judgment entered. The government sought a sentence of 262 months; the court imposed a sentence of 144 months and a term of five years supervised release.  The government filed a notice of appeal and then voluntarily dismissed its appeal.  Defendant did not appeal.

    Defendant filed a "motion for relief from judgement under Fed. R. Crim. Proc. Rule 60(b)(6)" on January 18, 2011, seeking "immediate release from prison" on the basis of "prosecutorial misconduct" and tainted evidence.  Defendant is apparently referring to Rule 60(b)(6) of the Federal Rules of Civil Procedure which allows "relief from a judgment or order" in a civil action, not a criminal action.  All of Rule 60 of the Federal Criminal Rules, which is the Rule specified by defendant, is devoted to "victim's rights" and has nothing to do with relief from judgment for a defendant in a criminal action.

    The only remedies available under the Federal Criminal Rules are a motion for a new trial

United States District Court
For the Northern District of California

1   under Rule 33, which, of course, requires that the defendant be convicted after a trial, and a

2   procedure for correcting a sentence under Rule 35, which applies only when there is a clerical or

3   similar error in the sentence.   Neither of these provisions applies here where defendant pled guilty

4   and where there is no mistake of the type contemplated by Rule 35.

5       Furthermore, since plaintiff entered a plea of guilty pursuant to a plea agreement, he waived

6   his right to appeal and to challenge his conviction or sentence by way of a habeas corpus proceeding

7   except for one based on a claim of ineffective assistance of counsel. *See* Plea Agreement. Doc.

8   No.26, ¶¶ 4 and 6.

9       Finally, the time within which to file a habeas petition, if defendant had such a basis, is

10  within one-year of the "date on which the judgment of conviction becomes final" or such other date

11  allowed by statute.  *See* 28 U.S.C. § 2255(f)(1) *et seq*.

12      For the foregoing reasons, defendant's motion is DENIED.

13

14  Date: April 20, 2011

15                                      MARILYN HALL PATEL
                                        United States District Court Judge
16                                      Northern District of California

17

18

19

20

21

22

23

24

25

26

27

28
                                    2