IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

RENE NAVAREZ,

    Defendant.

No. CR 09-00320 WHA

**ORDER DENYING DEFENDANT'S SECOND MOTION UNDER SECTION 2255 AND MOTION FOR RELEASE**

## INTRODUCTION

In this criminal matter, *pro se* defendant Rene Navarez has filed (1) another motion under Section 2255 of Title 28 of the United States Code, as well as (2) a motion for "release pending appeal of sentence" under Section 3143 of Title 18 of the United States Code. Defendant also seeks an evidentiary hearing in connection with his present Section 2255 motion. For the reasons discussed below, both motions are **DENIED**. The request for an evidentiary hearing is **DENIED AS MOOT**.

## STATEMENT

The background of this action is set forth in a prior order (Dkt. No. 63). In short, this prosecution was originally assigned to Judge Marilyn H. Patel. Assistant Federal Public Defender Loren Stewart was defense counsel, representing defendant through his sentencing hearing.

United States District Court
For the Northern District of California

In August 2009, by way of a signed plea agreement, defendant pled guilty to one count of possession with intent to distribute cocaine base within a thousand feet of a public elementary school. *See* 21. U.S.C. 841(a)(1), (b)(1)(A), *and* 860(a). That plea agreement stated (Dkt. No. 26 at 3):

> I knowingly and voluntarily agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or a motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

Judge Patel then accepted the plea, finding that defendant was mentally competent to plead, that he understood the nature of the charge against him, and that he knowingly and freely gave up his rights. She later sentenced defendant to 144 months in custody, with judgment entered on November 24, 2009.

Defendant did not appeal. He did, however, submit a "motion for relief from judgment under Fed. R. Crim. Proc. Rule 60(b)(6)" in January 2011. Observing that defendant was "apparently referring to Rule 60(b)(6) of the Federal Rules of Civil Procedure," and not the Federal Rules of Criminal Procedure, Judge Patel denied the motion (Dkt. Nos. 45, 46).

This matter was then reassigned to the undersigned judge in June 2011. On June 10, 2011, defendant filed a *pro se* motion to vacate, set aside, or correct his sentence under Section 2255. Among other items, defendant claimed ineffective assistance of counsel on the grounds that Attorney Stewart allegedly failed to investigate inconsistent drug reports, misadvised defendant in failing to file a Section 3582 motion, and failed to argue that defendant's sentence should have been calculated under the powder cocaine guidelines. In an order dated December 9, 2011, the undersigned judge denied the Section 2255 motion as untimely given that the one-year statute of limitations had expired on January 23, 2011. Defendant appealed, but an order later denied him a certificate of appealability on the prior denial of his Section 2255 motion (Dkt. Nos. 63, 67).

At issue now are (1) defendant's second motion under Section 2255, and (2) his motion for "release pending appeal of sentence." In addition, defendant requests an evidentiary hearing in connection with his present Section 2255 motion. Having considered full briefing from both sides, this order decides below.

## ANALYSIS

**1.　SECOND MOTION UNDER SECTION 2255.**

For defendant's present Section 2255 motion, the nub of his claim is that Attorney Stewart was (Reply 3):

> [C]onstitutionally ineffective by failing to file a notice of appeal challenging the involuntariness and unintelligent plea to tainted drug evidence by Debborah Madden for the San Francisco California drug lab.

The problem, however, is that this is defendant's second Section 2255 motion. As such, Section 2255(h) applies (emphasis added):

> *A second or successive motion must be certified as provided in [S]ection 2244 by a panel of the appropriate court of appeals to contain —*
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, the record does not show that our court of appeals certified defendant's present Section 2255 motion, as required by Section 2255(h). To the contrary, defendant's reply makes no mention of Section 2255(h), even after the government raised this problem in its opposition.

Defendant nevertheless argues that "the government intends to mischaracterize [his] request for an out of time direct appeal as a motion to vacate, set aside or correct sentence in violation of" *Castro v. United States*, 540 U.S. 357 (2003)" (Reply 3). He further reasons that the undersigned judge must notify him "that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsection §2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to

3

1  withdraw the motion or to amend it so that it contains all the §2255 claims he believes he has."
2  As such, defendant's present Section 2255 motion is not "a second or successive habeas," at
3  least in his view (*ibid.*).

4  But this is where the trail goes cold. Despite what defendant now claims, there has been
5  no recharacterization of his filings as Section 2255 motions. In fact, as discussed in the order
6  denying defendant's first Section 2255 motion, the undersigned judge already considered these
7  recharacterization arguments and found that there was no such recharacterization of the earlier
8  order denying defendant's Rule 60(b)(6) motion (Dkt. No. 63 at 9). Nor has there been any such
9  recharacterization with defendant's last two motions to vacate, set aside, or correct his sentence,
10 *as he himself filed these motions under Section 2255* (*see* Dkt. Nos. 48, 73, 78).

11 As such, this order finds that defendant's present motion is a second Section 2255 motion
12 that fails to satisfy Section 2255(h). This order further finds that the present motion is untimely,
13 given that it was submitted on April 3, 2014, and thus more than a year after judgment became
14 final on January 23, 2011. *See* 28 U.S.C. 2255(f). The present Section 2255 motion is
15 accordingly **DENIED**. Defendant's request for an evidentiary hearing is **DENIED AS MOOT**.

16 Moreover, under Section 2253(c) of Title 28 of the United States Code, the undersigned
17 judge must decline to issue a certificate of appealability. Defendant has not "made a substantial
18 showing of the denial of a constitutional right," as required under Section 2253(c)(2). Nor has
19 he demonstrated that "jurists of reason would find it debatable whether the petition states a valid
20 claim of the denial of a constitutional right and that jurists of reason would find it debatable
21 whether the district court was correct in its procedural ruling." *United States v. Zuno-Arce*, 339
22 F.3d 886, 888 (9th Cir. 2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
23 Nonetheless, defendant may request a certificate of appealability from our court of appeals, as
24 permitted under Federal Rule of Appellate Procedure 22(b)(1).

25  **2.    MOTION FOR RELEASE PENDING APPEAL.**

26  Defendant also moves for "release pending appeal of sentence" (Dkt. No. 79). In that
27  motion, he proposes a list of conditions of supervised release, and cites Section 3143(b) for
28  support. Yet he also acknowledges that there is no pending appeal of his sentence, given that the

4

undersigned judge has already denied his request for a certificate of appealability on the denial of his first Section 2255 motion (Dkt. No. 78 at 2; Dkt. No. 67). His motion for release is therefore **DENIED**.

## CONCLUSION

For the reasons stated above, defendant's second Section 2255 motion and his motion for release are **DENIED**. His request for an evidentiary hearing is **DENIED AS MOOT**. The undersigned judge also declines to issue a certificate of appealability. This is without prejudice to defendant seeking such a certificate from our court of appeals under Rule 22(b)(1), should he choose to do so.

**IT IS SO ORDERED.**

Dated: July 23, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE